1
2
3
4
5
6               **UNITED STATES DISTRICT COURT**
7                  **DISTRICT OF NEVADA**
8
9   RONALD ROSS,
10          Petitioner,                    Case No. 2:14-cv-01527-JCM-PAL
11   vs.                                   **ORDER**
12   WARDEN WILLIAMS, et al.,
13          Respondents.
14

15          Before the court are the first amended petition for writ of habeas corpus (ECF No. 17),

16   respondents' motion to dismiss (ECF No. 30), petitioner's opposition (ECF No. 36), and

17   respondents' reply (ECF No. 38).  The court finds that none of the grounds in the first amended

18   petition relate back to the original, proper-person petition (ECF No. 10), and that they all are

19   untimely.  The court also finds in the alternative that petitioner has not exhausted his state-court

20   remedies for two of his grounds.  The court grants respondents' motion to dismiss in part.

21          The court will address respondents' arguments out of the order that they present the

22   arguments.  First, respondents argue that all of the grounds in the first amended petition are

23   untimely because they do not relate back to the original, proper-person petition.

24          A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a
            person in custody pursuant to the judgment of a State court. The limitation period shall run
25          from the latest of—
            (A) the date on which the judgment became final by the conclusion of direct review or the
26          expiration of the time for seeking such review;
            (B) the date on which the impediment to filing an application created by State action in
27          violation of the Constitution or laws of the United States is removed, if the applicant was
            prevented from filing by such State action;
28

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 119-20 (2009). <u>See also</u> Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. <u>Jefferson v. Budge</u>, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). A federal habeas corpus petition does not toll the period of limitation. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001). The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

On December 5, 2008, after a jury trial, petitioner was convicted of two counts of burglary and one count each of larceny from the person, possession of a credit card without the cardholder's consent, fraudulent use of a credit card, theft, and conspiracy to commit larceny. Ex. 47 (ECF No. 20-1). Petitioner appealed. The Nevada Supreme Court issued its order affirming the judgment of conviction on November 8, 2010. Ex. 53 (ECF No. 20-7). The judgment of conviction became final when the time to petition for a writ of certiorari expired, on February 7, 2011, taking into account that the ninety-day period otherwise would have ended on a Sunday. Petitioner filed a state habeas corpus petition, appendix of exhibits, and supporting memorandum on November 30, 2011, two hundred ninety-six (296) days later. Ex. 55 (ECF No. 20-9), Ex. 56 (ECF No. 20-10), Ex. 57 (ECF No. 20-11). The state habeas corpus petition tolled the federal period under 28 U.S.C. § 2244(d)(2). The state district court appointed counsel, who filed a supplement. Ex. 65 (ECF No. 20-19). The state district court denied the petition on June 12, 2013, and mailed notice of the denial

1    on June 17, 2013.  Ex. 70 (ECF No. 20-24).[1]  Petitioner appealed.  The Nevada Supreme Court

2    issued its order affirming the denial of the petition on July 22, 2014.  Ex. 81 (ECF No. 20-35).

3    Remittitur issued on August 18, 2014.  Ex. 82 (ECF No. 20-36).  Tolling stopped and the one-year

4    period resumed running.

5         The original petition (ECF No. 10) contains conflicting dates about when petitioner mailed it

6    to the court.  Petitioner stated at page 1 of the petition that he mailed the petition on August 14,

7    2014.  However, a few lines above that statement petitioner stated that the remittitur issued on

8    August 18, 2014.  The dates on the signature and the verification at the end of the petition are

9    September 14, 2014.  In an attached declaration, dated September 14, 2014, petitioner refers to other

10   events that occurred after August 14, 2014.  Petitioner could not have mailed his petition before

11   those events occurred.  The court concludes that petitioner mailed his petition on September 14,

12   2014.  However, the original petition still was filed timely.  The one-year period of 28 U.S.C.

13   § 2244(d) expired at the end of October 27, 2014, taking into account that it otherwise would have

14   expired on a Sunday.  Petitioner filed the first amended petition (ECF No. 17) on June 8, 2015, after

15   the one-year period expired.  The grounds in the first amended petition are untimely unless they

16   relate back to the grounds in the original petition.  Relation back, pursuant to Rule 15(c) of the

17   Federal Rules of Civil Procedure, is allowed "[s]o long as the original and amended petitions state

18   claims that are tied to a common core of operative facts . . . ."  Mayle v. Felix, 545 U.S. 644, 664

19   (2005).

20        The claims in the first amended petition cannot relate back to the original petition by itself.

21   The original petition contained three repetitive grounds of ineffective assistance of counsel.  In each

22   ground, petitioner claimed that counsel:

23        1.   Failed to secure a speedy trial;
          2.   Failed to review evidence prior to trial and adequately prepare;
24        3.   Failed to file pretrial motions;
          4.   Failed to address the prejudice of evidence lost prior to trial;
25        5.   Failed to prepare for jury selection;
          6.   Failed to prepare for trial;
26

27   _____

28        [1]The cover sheet of this exhibit erroneously states that it is exhibit 71.  The listing in the
     court's electronic docket is correct.

-3-

7.    Failed to retain defense experts for trial;
8.    Failed to object to the state's use of expert witness.

Petition, at 5 (ECF No. 10).  Petitioner alleged no facts in support of those claims.  The grounds in the first amended petition do not share a common core of operative fact with the grounds in the original petition because petitioner did not allege any facts in the original petition.

To overcome that problem, petitioner points to the decision of the Nevada Supreme Court in the appeal from the denial of the state habeas corpus petition.  Petitioner attached that decision to his original petition (ECF No. 10).  Petitioner then argues that he incorporated the Nevada Supreme Court's decision as grounds in his original petition.  The court is not persuaded.

Petitioner relies upon Dye v. Hofbauer, 546 U.S. 1 (2005) (per curiam).  Dye was convicted in Michigan state court of two counts of murder and one count of possession of a firearm during commission of a felony.  His state-court appeals were unsuccessful.  Dye pursued federal habeas corpus relief, including a claim of prosecutorial misconduct.  The details are more complicated than necessary for the purposes of this order.  Ultimately the Sixth Circuit upheld the denial of habeas corpus relief for two reasons.  The Supreme Court held that both were erroneous.  First, the Sixth Circuit held that the prosecutorial misconduct claim was not exhausted because the state appellate court did not mention any federal law in its decision and because the state-court appellate brief, which purportedly exhausted the claim, was not in the record.  The Supreme Court held that ruling on exhaustion was erroneous because the state-court appellate brief was in the federal district court's record, and it did present the claim of prosecutorial misconduct as an issue of federal law.  546 U.S. at 3-4.  Second, the Sixth Circuit held that the claim of prosecutorial misconduct in the federal habeas corpus petition was too vague and general.  The Supreme Court held that this ruling was erroneous because "[t]he habeas corpus petition made clear and repeated references to an appended supporting brief, which presented Dye's federal claim with more than sufficient particularity."  Id. at 4 (citing Fed. R. Civ. P. 81(a)(2), 10(c)).

The court is not persuaded.  The first holding of Dye, regarding exhaustion, is not applicable to the current situation before the court, and petitioner does not argue that it is applicable.  The second holding of Dye could be pertinent, but Dye's situation and petitioner's situation are different.

-4-

Unlike Dye, the original petition did not refer at all to the Nevada Supreme Court's order, let alone make clear and repeated references.  Each ground contained only the list quoted above, without any facts.  Simply attaching a state-court order to a petition does not mean that petitioner is asserting claims based upon that order.  Petitioner needed to allege the claims and the facts in the original petition itself, or, as in Dye make clear and repeated references to supporting exhibits.  Nothing in the original petition alerted the court to a desire that petitioner was trying to make the Nevada Supreme Court's rulings part of his claims.  Consequently, none of the grounds in the first amended petition relate back to the original petition, and they all are untimely.

Petitioner also relies upon Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc., 583 F.2d 426 (9th Cir. 1978).  The court of appeals noted that documents attached to a complaint are part of the complaint, and that a district court may review them, not just the allegations in the pleading, when determining whether the plaintiff had failed to state a claim upon which relief may be granted.  Id. at 429-30 (citing Fed. R. Civ. P. 12(b)(6)).  It was the plaintiff in Amfac who was objecting to the use of the documents attached to the complaint in the district court's determination that the plaintiff had failed to state a claim.  The district court determined, and the court of appeals affirmed, that securities were not involved in the loan transaction at issue, thus making federal and state securities law inapplicable, and that the plaintiff had not stated a claim under state tort law.  In other words, the plaintiff in Amfac did itself no favors when attaching those documents to the complaint.

The court agrees with respondents that a decision applying Rule 12(b)(6) to a civil complaint for violation of securities and tort law is of no utility in a habeas corpus action.  The court does not deny a habeas corpus petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts at the start of a case simply because an attached state-court order had denied the same grounds on their merits.

Reasonable jurists might debate this conclusion, and the court will grant a certificate of appealability for the issue of timeliness.

Respondents also argue that some of the grounds in the first amended petition are not exhausted.  The court considers respondents' argument in the alternative to the untimeliness of the first amended petition.

1    Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must

2    exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, a

3    petitioner must fairly present that ground to the state's highest court, describing the operative facts

4    and legal theory, and give that court the opportunity to address and resolve the ground.  See Duncan

5    v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

6    Ground 3 is a claim that the evidence was insufficient to support the verdict.  Respondents

7    argue that any facts beyond those alleged in the direct-appeal brief are not exhausted.  See Ex. 49, at

8    27-29 (ECF No. 20-3, at 33-35).  The court agrees with petitioner that the additional facts that

9    petitioner presents now do not fundamentally alter the claim from what petitioner presented in state

10   court.  Ground 3 is exhausted.

11   Ground 4(C) is a claim that counsel provided ineffective assistance because counsel did not

12   seek an appropriate for a discovery violation.  In the appeal from the denial of the state habeas

13   corpus petition, petitioner argued that counsel failed to obtain a recording from a security camera.

14   Ex. 79, at 32-34 (ECF No. 20-33, at 38-40).  The Nevada Supreme Court's decision shows that this

15   is a claim distinct from what petitioner presents now.  The Nevada Supreme Court held that

16   petitioner did not demonstrate deficient performance or prejudice because the recording was

17   destroyed before petitioner was arrested, let alone before counsel was appointed.  Ex. 81, at 2 (ECF

18   No. 20-35, at 3).  The claim in the first amended petition is different, because petitioner argues now

19   that counsel should have moved to preclude mention of the destroyed video or for an adverse-

20   inference instruction.  The claim has transformed from counsel's failure to obtain evidence to

21   counsel's failure to hold the prosecution responsible for destruction of evidence.  Ground 4(C) is

22   unexhausted.

23   Ground 4(D) is a claim that counsel failed to object to a violation of the best-evidence rule.

24   At trial, Kevin Hancock and Detective Darrell Flenner testified about what they saw on the security-

25   camera recording before it was destroyed.  At the preliminary hearing, Deja Jarmin (also spelled

26   "Jarmon") testified about what was on the security-camera recording.  Jarmin was determined to be

27   unavailable to testify at trial, and Jarmin's preliminary-hearing testimony was read at trial.  On

28   direct appeal, the Nevada Supreme Court held that petitioner did not make this objection at trial, and

1    that the video was lost because none of the employees at the store knew how to preserve it.  This

2    satisfied the best-evidence rule under a plain-error standard.  Ex. 53, at 2 (ECF No. 20-7, at 3)

3    (citing Nev. Rev. Stat. § 52.255(1) and Valdez v. State, 196 P.3d 465, 477 (Nev. 2008)).  In the state

4    habeas corpus proceedings, petitioner made this argument in his appellate brief:

> Finally, trial counsel failed to renew his best evidence objection from the Preliminary
> Hearing or to properly challenge the use of a Preliminary Hearing transcript in lieu of live
> testimony.  Trial counsel made not [sic] offer of proof regarding questions he was not able to
> ask Deja Jarmon at the preliminary hearing.  This was a huge issue as Mr. Jarmon testified
> about the contents of a video that was destroyed before the defense was able to review it.

8    Ex. 79, at 36-37 (ECF No. 20-33, at 42-43).  The Nevada Supreme Court ruled first that counsel did

9    not make a best-evidence objection at the preliminary hearing, and thus there was no objection to

10   renew.  The Nevada Supreme Court then ruled that the law of the case was that the best-evidence

11   rule was satisfied and thus no reasonable probability existed that the trial court would have

12   sustained the objection had counsel made it.  Ex. 81, at 5 (ECF No. 20-35, at 6).  The Nevada

13   Supreme Court's ruling on this issue did not depend upon who testified about events depicted on the

14   video recording.  The addition of Hancock and Flenner to the claim in the first amended petition

15   does not fundamentally alter the claim.  Ground 4(D) is exhausted.

16       Ground 4(E) is a claim that counsel failed to object to the expert testimony of Detective

17   Flenner.  Respondents argue that petitioner never presented such a claim with respect to Detective

18   Flenner.  Petitioner did present on habeas corpus appeal a claim that counsel should have objected

19   to the expert testimony of Detective Rader.  Ex. 79, at 35 (ECF No. 20-33, at 41).  However, the

20   Nevada Supreme Court evaluated the claim with respect to Detective Flenner because the reference

21   to Detective Rader was an error.  Ex. 81, at 3-4 & n.1 (ECF No. 20-35, at 4-5 & n.1).  The Nevada

22   Supreme Court's treatment of the claim has exhausted ground 4(E).

23       Ground 4(G) is a claim that counsel did not object to Deja Jarmin's unavailability before

24   Jarmin's preliminary-hearing testimony was read at trial.  At some point, Jarmin was believed to be

25   in a hospital, and the prosecutor stated that they could not confirm that because of privacy

26   regulations.  Ground 4(G) refers to a federal regulation that allows a hospital to disclose whether a

27   person, mentioned by name, is in the hospital.  Otherwise, the Nevada Supreme Court ruled on this

28

1  claim. Ex. 81, at 4-5 (ECF No. 20-35, at 5-6). The additional facts do not fundamentally alter the

2  claim that was presented to the state courts. Ground 4(G) is exhausted.

3         Ground 4(H) is a claim that counsel failed to raise mitigating arguments against imposition

4  of the habitual-criminal sentence. The brief on appeal from the denial of the habeas corpus petition

5  contains a brief mention that counsel failed to adequately prepare for sentencing, but petitioner

6  alleged no supporting facts. Ex. 79, at 26 (ECF No. 20-33, at 32). Petitioner argues that he clearly

7  intended to incorporate his more detailed arguments in the memorandum supporting his state habeas

8  corpus petition. See Ex. 57, at 19-21 (ECF No. 20-11, at 20-22). The Nevada Supreme Court was

9  not obligated to read through the record to find petitioner's claim. Petitioner needed to present his

10  argument entirely inside his appellate brief. See Baldwin v. Reese, 541 U.S. 27, 32 (2004); Castillo

11  v. McFadden, 399 F.3d 993, 999-1000 (9th Cir. 2005). Ground 4(H) is not exhausted.

12        Reasonable jurists would not find the conclusions regarding exhaustion to be debatable or

13  wrong, and the court will not issue a certificate of appealability.

14        Respondents argue that grounds 1, 4(A), 4(B), 4(F), and 4(H) are conclusory. The court will

15  not address this argument because the court is dismissing the action as untimely.

16        IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 30) is

17  **GRANTED**. This action is **DISMISSED** with prejudice because all grounds in the first amended

18  petition (ECF No. 17) are untimely. The clerk of the court shall enter judgment accordingly and

19  close this action.

20        IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on whether

21  the court was correct in its determination that the grounds in the first amended petition (ECF No.

22  17) do not relate back to the original petition (ECF No. 10).

23        DATED: August 26, 2016.

24

25                                                    _____

26                                                    JAMES C. MAHAN
                                                     United States District Judge

27

28

                                                -8-