**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD ROSS, | Case No. 2:14-cv-01527-JCM-BNW |
| Petitioner, | **ORDER GRANTING IN PART MOTION TO DISMISS FOLLOWING REMAND** |
| v. | |
| CALVIN JOHNSON, et al., | |
| Respondents. | |

Counseled petitioner Ronald Ross filed a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 8, 2015. (ECF No. 17.) Respondents moved to dismiss Ross's amended petition, Ross opposed, and respondents replied. (ECF Nos. 30, 36, 38.) This court granted the motion to dismiss, finding that all grounds in the first amended petition were untimely and did not relate back to Ross's original *pro se* petition. (ECF No. 39.) Judgment was entered in favor of respondents. (ECF No. 40.)

Ross appealed, and the United States Court of Appeals for the Ninth Circuit (hereinafter "Court of Appeals") reversed and remanded on February 24, 2020. *See Ross v. Williams*, 950 F.3d 1160 (9th Cir. 2020) (en banc). The Court of Appeals stayed the mandate pending the filing of a petition for a writ of certiorari in the United States Supreme Court. (ECF No. 47.) Respondents' petition for a writ of certiorari was placed on the United States Supreme Court's docket on July 28, 2020. (ECF No. 48.) The United States Supreme Court denied the petition for a writ of certiorari on November 9, 2020. *See Daniels v. Ross*, 141 S.Ct. 840 (2020). The Court of Appeals issued a mandate on November 10, 2020, ordering that its February 24, 2020, judgment take effect.

(ECF No. 50.) This court ordered the mandate spread upon the records of this court on December 7, 2020. (ECF No. 52.)

In its February 24, 2020, judgment, the Court of Appeals "remand[ed] for the district court to consider which of the claims in the amended petition (beyond the claim regarding the failure to object to expert testimony . . . ) are supported by facts incorporated into the original petition." (ECF No. 46 at 27.) On May 27, 2022, this court ordered the clerk of the court to reopen this action and set a briefing schedule regarding the remand. (ECF No. 54.) Ross responded to this court's order, respondents filed a response, and Ross replied. (ECF Nos. 55, 60, 63.)

## I. DISCUSSION

### A. Timeliness and relation back

Ross timely filed his original *pro se* petition for a writ of habeas corpus. (*See* ECF No. 39 at 3.) Ross's first amended petition was filed after the one-year period of limitations expired. (*Id.*; *see also Ross*, 950 F.3d at 1165 ("As the parties agree, Ross's September 14, 2014 original petition fell within the limitations period, while his June 8, 2015 amended petition did not.").) As such, the grounds in the first amended petition are untimely unless they relate back to the grounds in Ross's original *pro se* petition. *See Mayle v. Felix*, 545 U.S. 644 (2005).

In his original *pro se* petition, Ross attempted to raise the following ineffective assistance of counsel arguments: failure to (1) secure a speedy trial, (2) review evidence prior to trial and adequately prepare, (3) file pretrial motions, (4) address the prejudice of evidence lost prior to trial, (5) prepare for jury selection, (6) prepare for trial, (7) retain defense experts, and (8) object to the prosecution's use of expert witnesses. (ECF No. 10 at 5.) Ross attached the Nevada Supreme Court's order affirming the denial of his state post-conviction petition to his original *pro se*

petition. (*Id*. at 14–19.) Ross's first amended petition raised the following grounds for relief: grounds 1, 2, 3, 4(a), 4(b), 4(c), 4(d), 4(e), 4(f), 4(g), and 4(h). (ECF No. 17.)

Respondents originally argued that "[n]one of the claims presented in Ross's amended petition relate[ ] back to the initial petition." (ECF No. 30 at 14.) This court agreed, dismissing this case "with prejudice because all grounds in the first amended petition (ECF No. 17) are untimely." (ECF No. 39 at 8.) As noted above, the Court of Appeals reversed and remanded, determining that ground 4(e) relates back to Ross's original *pro se* petition and instructing this court "to consider which of the [other] claims in the amended petition . . . are supported by facts incorporated into the original petition." (ECF No. 46 at 16–17, 27.) Following the reopening of this case, Ross argues that every ground except grounds 3 and 4(h) of his amended petition relate back to his original *pro se* petition and are timely. (ECF No. 55 at 11.) Because Ross does not argue that grounds 3 and 4(h) relate back to his original *pro se* petition and are timely, grounds 3 and 4(h) are dismissed. Respondents concede that grounds 4(b), 4(e), and 4(f) relate back. (ECF No. 60 at 5.) As such, this court must determine whether grounds 1, 2, 4(a), 4(c), 4(d), and 4(g) of Ross's amended petition relate back to his original *pro se* petition.

Congress has authorized amendments to habeas petitions as provided in the Federal Rules of Civil Procedure. *Mayle*, 545 U.S. at 649. Under Rule 15, an untimely amendment properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c). For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659 (internal quotation marks omitted). An amended habeas petition "does not relate back (and thereby escapes AEDPA's one-year time limit) when it asserts a new

ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

In the Court of Appeal's order, it stated that "[i]f a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back." *Ross*, 950 F.3d at 1167. "An amended petition relates back if it asserts one or more claims that arise out of 'the conduct, transaction, or occurrence' that the original petition 'set out' or 'attempted to . . . set out'—in other words, if the two petitions rely on a common core of operative facts." *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(B); *Mayle*, 545 U.S. at 657, 664). "'For all purposes,' including relation back, the original petition consists of the petition itself and any 'written instruments' that are exhibits to the petition." *Id.* (quoting Fed. R. Civ. P. 10(c) (internal brackets omitted)). "Like a brief, a court decision is a written instrument." *Id.* (citing *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005)).

This court must "follow two steps to determine whether an amended petition relates back to an original petition that relied on an appended written instrument to help set forth the facts on which it based its claims." *Id.* First, this court must "determine what claims the amended petition alleges and what core facts underlie those claims." *Id.* And "[s]econd, for each claim in the amended petition," this court must "look to the body of the original petition and its exhibits to see whether the original petition 'set out' or 'attempted to . . . set out' a corresponding factual episode . . . or whether the claim is instead 'supported by facts that differ in both time and type from those the original pleading set forth." *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(B); *Mayle*, 545 U.S. at 650, 664). "The central question under this framework is whether the amended and original petitions share a common core of operative facts, as those facts are laid out in the amended petition and

'attempted to be set out' in the original petition." *Id*. at 1168. "Relation back may be appropriate if the later pleading merely corrects technical deficiencies or expands or modifies the facts alleged in the earlier pleading, restates the original claim with greater particularity, or amplifies the details of the transaction alleged in the preceding pleading." *Id*. (internal brackets, quotation marks, and citation omitted). This court is "obligated to 'liberally construe[ ]' documents filed *pro se*, like Ross's original petition." *Id*. at 1173 n.19.

### 1. Grounds 1 and 4(g)

In ground 1 of his amended petition, Ross argues that he "was deprived of his right to confrontation . . . when the prosecution was allowed to admit the preliminary hearing testimony of a witness even though the prosecution did not make a sufficient showing that the witness was unavailable." (ECF No. 17 at 7.) And in ground 4(g) of his amended petition, Ross argues that he "was deprived of his right to the effective assistance of counsel" when his counsel "fail[ed] to object to admission of preliminary hearing testimony based on [the] state's inability to sufficiently establish [Deja Jarmin's] unavailability." (*Id*. at 14, 23.) In his original *pro se* petition, Ross argued that his "trial counsel and appellate counsel failed to . . . review evidence prior to trial and adequately prepare," "to file pretrial motions," and "to prepare for a trial." (ECF No. 10 at 5.) In the Nevada Supreme Court's order, which was attached to Ross's original *pro se* petition, the Nevada Supreme Court explained that Ross "argues that counsel was ineffective for failing to properly challenge the use of a preliminary-hearing transcript in lieu of live testimony at the trial." (*Id*. at 17.) In rejecting this argument, the Nevada Supreme Court stated that Ross "did not specify what additional efforts the State should have made to procure the witness." (*Id*. at 17–18.)

Addressing ground 4(g) first, although the Nevada Supreme Court's decision provides details regarding Ross's counsel's failures regarding his lack of a challenge to the use of the

5

preliminary hearing transcript during *trial* whereas Ross's original *pro se* petition dealt with counsel's failures *pretrial*, the court finds that Ross—although perhaps clumsily done—attempted to set out his habeas claim. *See Ross*, 950 F.3d at 1169–70 (explaining that "a petition need not be pleaded with sufficient particularity to support relation back," an "original pleading may be inadequately pleaded yet still support relation back," and relation back has generous standards). Indeed, Ross broadly attempted to set out his counsel's failures in his original *pro se* petition, attaching the Nevada Supreme Court's decision to provide greater details about the facts of his counsel's deficiencies. As such, because Ross's original *pro se* petition, including the Nevada Supreme Court's decision, and Ross's first amended petition rely on a common core of operative facts—that his counsel was ineffective in objecting to the preliminary hearing testimony of an unavailable witness—ground 4(g) of the first amended petition relates back to Ross's original *pro se* petition. And turning to ground 1, the substantive confrontation claim, the court finds that it relates back to Ross's original *pro se* petition for the same reasons that ground 4(g)—the claim that counsel was ineffective regarding confrontation issues—relates back to Ross's original *pro se* petition. *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (determining that a claim that appellate counsel was ineffective for failing to raise double jeopardy related back to a timely raised substantive double jeopardy claim), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017).

Because grounds 1 and 4(g) both relate back to Ross's original *pro se* petition, they are timely.

    **2.**    **Grounds 2 and 4(a)**

In ground 2 of his amended petition, Ross argues that he "was deprived of his right to a speedy trial . . . when the case was continued at the state's request for 541 days." (ECF No. 17 at

9.) And in ground 4(a) of his amended petition, Ross argues that he "was deprived of his right to the effective assistance of counsel" when his counsel "fail[ed] to protect [his] right to a speedy trial." (ECF No. 17 at 14.) In his original *pro se* petition, Ross argued that his "trial counsel and appellate counsel failed to . . . secure a speedy trial." (ECF No. 10 at 5.) Relatedly, in the Nevada Supreme Court's order, which was attached to Ross's original *pro se* petition, the Nevada Supreme Court explained that Ross "argues that counsel was ineffective for violating [his] rights to a speedy trial." (*Id.* at 15.)

Addressing ground 4(a) first, the court finds that Ross attempted to set out this habeas claim in his original *pro se* petition. In fact, Ross argued that his counsel failed to secure a speedy trial, which is sufficient to alert this court of the factual predicate of the claim—there was too much delay between when Ross was charged and his trial, and his counsel failed to address the issue. As such, because Ross's original *pro se* petition and Ross's first amended petition rely on a common core of operative facts—that his counsel was ineffective regarding his right to a speedy trial—ground 4(a) of the first amended petition relates back to Ross's original *pro se* petition. And turning to ground 2, the substantive speedy-trial claim, the court finds that it relates back to Ross's original *pro se* petition for the same reasons that ground 4(a)—the claim that counsel was ineffective regarding speedy trial issues—relates back to Ross's original *pro se* petition. *See Nguyen*, 736 F.3d at 1296–97, *abrogated on other grounds by Davila*, 137 S. Ct. 2058.

Because grounds 2 and 4(a) both relate back to Ross's original *pro se* petition, they are timely.

   **3. Ground 4(c)**

In ground 4(c) of his amended petition, Ross argues that he "was deprived of his right to the effective assistance of counsel" when his counsel "fail[ed] to seek [an] appropriate sanction

7

based on a discovery violation," namely a lost surveillance videotape. (ECF No. 17 at 14, 17.) In his original *pro se* petition, Ross argued that his "trial counsel and appellate counsel failed to . . . address the prejudice of evidence lost prior to trial." (ECF No. 10 at 5.) Relatedly, in the Nevada Supreme Court's order, which was attached to Ross's original *pro se* petition, the Nevada Supreme Court explained that Ross "argues that counsel was ineffective for failing to engage in pretrial discovery, because had counsel done so, he would have obtained the surveillance video from the shoe store." (*Id*. at 15.) The Nevada Supreme Court rejected Ross's argument, explaining that (1) "the video was destroyed before [Ross] was arrested or counsel was appointed," and (2) "several witnesses had viewed the video before it was destroyed in the store's ordinary course of business and testified that it depicted [Ross] purchasing merchandise with the stolen credit card." (*Id*.)

In his original *pro se* petition, Ross attempted to set out his habeas claim that his counsel failed to address the issue of lost evidence. The Nevada Supreme Court's decision provided greater details regarding that failure, namely that the lost evidence was a surveillance video from the shoe store. Although Ross's original *pro se* petition asserts that counsel failed to argue the prejudice of the lost evidence as compared to his first amended petition that asserts that counsel failed to seek an appropriate sanction for the lost evidence, the court finds that this difference is simply an issue with legal framing. *See Mayle*, 545 U.S. at 664 n.7 (noting that relation back is allowed when the claim is based on the same facts as the original pleading even though the legal theory has been changed). As such, because Ross's original *pro se* petition, including the Nevada Supreme Court's decision, and Ross's first amended petition rely on a common core of operative facts—that his counsel was ineffective regarding the lost video surveillance from the shoe store—ground 4(c) of the first amended petition relates back to Ross's original *pro se* petition and is timely.

    **4.**    **Ground 4(d)**

In ground 4(d) of his amended petition, Ross argues that he "was deprived of his right to the effective assistance of counsel" when his counsel "fail[ed] to object based on [the] best evidence rule" based on the prosecution's failure to obtain the surveillance video. (ECF No. 17 at 14, 19.) In his original *pro se* petition, Ross argued that his "trial counsel and appellate counsel failed to . . . review evidence prior to trial and adequately prepare" and "to prepare for a trial." (ECF No. 10 at 5.) Relatedly, in the Nevada Supreme Court's order, which was attached to Ross's original *pro se* petition, the Nevada Supreme Court explained that Ross "argues that counsel was ineffective for failing to renew at trial his preliminary-hearing objection for violating the best evidence rule." (*Id.* at 18.) In rejecting Ross's argument, the Nevada Supreme Court summarized the argument it believed Ross was attempting to make: "counsel should have renewed an objection to testimony about the shoe store surveillance video on the grounds that it was not the best evidence." (*Id.*)

Although the Nevada Supreme Court's decision provides details regarding Ross's counsel's failures during *trial* regarding the prosecution's failure to obtain the surveillance video in violation of the best evidence rule whereas Ross's original *pro se* petition dealt with counsel's failures *pretrial*, the court finds that Ross—although perhaps again clumsily done—attempted to set out his habeas claim. Indeed, like ground 4(g), Ross broadly attempted to set out his counsel's failures in his original *pro se* petition, attaching the Nevada Supreme Court's decision to provide greater details about the facts of his counsel's deficiencies. As such, because Ross's original *pro se* petition, including the Nevada Supreme Court's decision, and Ross's first amended petition rely on a common core of operative facts—that his counsel was ineffective regarding the prosecution's failure to obtain the surveillance video in violation of the best evidence rule—ground 4(d) of the first amended petition relates back to Ross's original *pro se* petition and is timely.

### B. Exhaustion

In this court's previous order, it determined that grounds 4(c) and 4(h) are unexhausted. (ECF No. 39 at 6, 8.) Although ground 4(h) is dismissed as untimely for the reasons stated previously in this order, ground 4(c) is still unexhausted for the reasons discussed in this court's previous order.

### C. Conclusory claims

In their prior motion to dismiss, respondents argued that grounds 1, 4(a), 4(b), 4(f), and 4(h) are conclusory. (ECF No. 30 at 10.) This court declined to "address this argument because the court [was] dismissing the action as untimely." (ECF No. 39 at 8.) The court now revisits respondents' conclusory argument as it pertains to grounds 1, 4(a), 4(b), and 4(f).

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)") requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Notice pleading is not sufficient to satisfy the specific pleading requirements for federal habeas petitions. *Mayle*, 545 U.S. at 655–56 (noting that Rule 8(a) of the Federal Rules of Civil Procedure requires only "fair notice" while Habeas Rule 2(c) "is more demanding," mere legal conclusions without facts are not sufficient—"it is the relationship of the facts to the claim asserted that is important"). Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Id*. at 649; *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). A claim for relief is facially plausible when the pleading alleges facts that allow the court to draw a reasonable inference that the petitioner is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court defers ruling on respondents' conclusory arguments about grounds 1, 4(a), 4(b), and 4(f) until the merits stage because the arguments asserted by respondents are intertwined with the merits of the grounds and can be better considered at that point.

## II.     OPTIONS REGARDING UNEXHAUSTED CLAIM

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court previously concluded that ground 4(c) is unexhausted. Because the court finds that the petition contains an unexhausted claim, Ross has these options:

1.  He may submit a sworn declaration voluntarily abandoning ground 4(c) and proceed only on his exhausted claims;
2.  He may return to state court to exhaust ground 4(c), in which case his federal habeas petition will be denied without prejudice;[1] or
3.  He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust ground 4(c).

Ross's failure to choose any of the three options listed above, or seek other appropriate relief from this court,[2] will result in his federal habeas petition being dismissed.

## III.    CONCLUSION

**IT IS THEREFORE ORDERED** that, following the Court of Appeal's reversal and remand, respondents' motion to dismiss (ECF No. 30) is granted, in part, as follows:

1.  Grounds 3 and 4(h) are dismissed as untimely.

---

[1] This court makes no assurances as to the timeliness of any future-filed petition.

[2] If Ross has any argument as to why ground 4(c) is technically exhausted by procedural default but that default can be overcome under *Martinez v. Ryan*, 566 U.S. 1 (2012), Ross must raise that argument in the alternative in a motion seeking either dismissal of grounds 4(c) and/or other appropriate relief, such as a stay.

2. Grounds 4(c) is unexhausted.

**IT IS FURTHER ORDERED** that Ross shall have 30 days to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon ground 4(c) and proceed on the exhausted grounds; (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust ground 4(c); or (3) file a motion for a stay and abeyance asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust ground 4(c) or file a motion for other appropriate relief. If Ross chooses to file a motion or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if Ross elects to abandon ground 4(c), respondents shall have 30 days from the date Ross serves his declaration of abandonment in which to file an answer to Ross's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that Ross shall have 30 days following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if Ross fails to respond to this order within the time permitted, this case may be dismissed.

Dated: December 19, 2022

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE