# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RONALD ROSS, | Case No. 2:14-cv-01527-JCM-BNW |
| Petitioner, | **ORDER** |
| v. | |
| CALVIN JOHNSON, et al., | |
| Respondents. | |

On December 19, 2022, in its ordering granting, in part, the respondents' motion to dismiss, this court ordered Petitioner Ronald Ross to choose one of the following options for unexhausted ground 4(c): (1) abandon ground 4(c), (2) dismiss his federal habeas petition without prejudice to return to state court to exhaust ground 4(c), (3) file a motion for a stay and abeyance, or (4) file a motion for other appropriate relief. (ECF No. 65 at 12.) Ross timely complied with this court's order by filing a motion seeking other appropriate relief. (ECF No. 69.) Respondents have responded to the motion, and Ross has replied. (ECF Nos. 72, 73.)

Ross argues that (1) ground 4(c) is technically exhausted and procedurally defaulted and (2) he can overcome the procedural default of ground 4(c) under *Martinez v. Ryan*, 566 U.S. 1 (2012). (ECF No. 69 at 2.) A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Ross would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot

establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. at 9. The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Ross advances only *Martinez* as a basis for excusing the anticipatory default of ground 4(c). (*See* ECF No. 69.) Accordingly, the court grants Ross's request to consider ground 4(c) technically exhausted and procedurally defaulted. However, because the cause-and-prejudice questions of ground 4(c) are necessarily intertwined with the merits of ground 4(c), the court will

1   defer a determination of cause and prejudice to overcome the default until the time of merits

2   determination.[1]

3        **IT IS THEREFORE ORDERED** that Petitioner Ronald Ross's motion seeking other

4   appropriate relief (ECF No. 69) is granted. Ground 4(c) is technically exhausted and procedurally

5   defaulted. The court defers consideration of whether Ross can demonstrate cause and prejudice

6   under *Martinez* to overcome the procedural default until after the filing of an answer and reply in

7   this action.

8        **IT IS FURTHER ORDERED** that respondents must file an answer to the first amended

9   petition within 60 days of the date of this order. Ross will have 60 days from service of the answer

10  within which to file a reply.

11       Dated:  May 4, 2023.

12       _____
         JAMES C. MAHAN
13       UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19  ─────────────────────

20  [1] Respondents argue that Ross altered ground 4(c) in his instant motion without prior authorization
    of this court, such that it is now a new, untimely claim. (ECF No. 72 at 8.) In his first amended
21  petition for writ of habeas corpus, Ross argued in ground 4(c) that his trial counsel failed to seek
    an appropriate sanction, such as preclusion of the evidence or an adverse inference instruction,
22  based on a discovery violation, namely law enforcement's failure to seize a surveillance video
    recording. (ECF No. 17 at 17–19.) And in his instant motion, Ross argues that "[g]round 4(c) is
    based on trial counsel's failure to seek an appropriate sanction based on a discovery violation,
23  namely, the State's failure to gather the Sheikh Shoes interior surveillance video." (ECF No. 69 at
    5.) Ross has not altered ground 4(c).